UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK

Yu Hua Yin, Mei Ying Chen, individually and on behalf
of all other employees similarly situated,

                                    Plaintiff,

                        - against -

SZ Chuan Story Inc.
       d/b/a Szechuan Story or Szechuan Story Hot Pot,
ABC Corp.
       d/b/a Wego KTV,
Diyuan Invest USA Inc.,
       d/b/a D One Plaza, or Diyuan Enterprise,
Meet Cuisine & Bar Inc..,
       d/b/a Meet Cuisine & Bar,
ABC Corp.
       d/b/a Muse Home Theatre,
Fei Zheng, and
"John" Li (first name unknown) a/k/a Bo Li;

                                    Defendants.

Case No. 1:18-cv-01320-PKC-
CLP

**FIRST AMENDED
COLLECTIVE & CLASS
ACTION COMPLAINT**

        Plaintiffs Yu Hua Yin and Mei Ying Chen on their own behalf and on behalf of all others

similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC,

hereby files this first amended complaint against the Defendants SZ Chuan Story Inc. d/b/a

Szechuan Story or Szechuan Story Hot Pot; ABC Corp. d/b/a Wego KTV; Diyuan Invest USA

Inc., d/b/a D One Plaza, or Diyuan Enterprise; Meet Cuisine & Bar Inc.., d/b/a Meet Cuisine &

Bar; ABC Corp. d/b/a Muse Home Theatre; Fei Zheng, and "John" Li (first name unknown)

a/k/a Bo Li (collectively "Defendants"), allege and show the Court the following:

## INTRODUCTION

1.      This is an action brought by Plaintiffs on their own behalf and on behalf of similarly

        situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C.

§ 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek.

3. The FLSA allows employers of "tipped employees" to pay their tipped employees at a rate below the federal and state minimum wages. 29 U.S.C. §203(m). The FLSA provides that in order to be eligible for this "tip credit," employers of tipped employees must allow employees to keep all the tips that they receive. *Id*

4. New York Labor Law prohibits any deduction from wages, other than standard deductions for taxes, deductions required by law, and deductions for the benefit of the employee that have been expressly agreed upon in writing by the employee. N.Y. Lab.Law§193.

5. An employer may take a tip credit towards overtime wages as well in the amount of the tip credit, but only if the employer is entitled to the tip credit in the first instance. *See Copantitla v. Fiskardo Estiatorio, Inc*., 788 F. Supp. 2d 253, 300 (S.D.N.Y. 2011).

6. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

7.  Plaintiffs further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime compensation, (3) unlawful gratuity retentions; (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (5) compensation for failure to provide wage notice at the time of hiring and accurate paystub at each pay period in violation of the NYLL, (6) liquidated damages equal to the sum of illegally retained tips, (7) prejudgment and post-judgment interest; and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

8.  This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

9.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

10. Plaintiff Yu Hua Yin is a resident of Queens and was employed to work as a server by SZ Chuan Story Inc. d/b/a Szechuan Story Hot Pot located at 36-10 Union Street, FL1, Flushing, NY 11354 from May 15, 2017 to January 14, 2018.

11. Plaintiff Mei Ying Chen is a resident of Queens and was employed to work as a server by SZ Chuan Story Inc. d/b/a Szechuan Story Hot Pot located at 36-10 Union Street, FL1, Flushing, NY 11354 from October 30, 2017 to November 30, 2017.

## DEFENDANTS

12. Defendant SZ Chuan Story Inc. d/b/a Szechuan Story or Szechuan Story Hot Pot is a domestic business corporation organized under the laws of the State of New York with a principal address at 36-10 Union Street, FL1, Flushing, NY 11354.

13. Upon information and belief, Defendant, SZ Chuan Story Inc. d/b/a Szechuan Story or Szechuan Story Hot Pot, is a Chinese Restaurant had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, The Szechuan Story Hotpot purchased and handled goods moved in interstate commerce.

14. Defendant ABC Corp, d/b/a "Wego KTV" is a domestic business corporation organized under the laws of the State of New York with a principal address at 36-10 Union Street, Flushing, NY 11354.

15. Upon information and belief, Defendant, ABC Corp, d/b/a "Wego KTV", a pop music karaoke, had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, The Wego KTV purchased and handled goods moved in interstate commerce.

16. Defendant Diyuan Invest USA Inc., d/b/a "D One Plaza," d/b/a "Diyuan Enterprise," is a domestic business corporation organized under the laws of the State of New York with a principal address at 36-10 Union Street, Flushing, NY 11354.

17. Upon information and belief, Defendant, Diyuan Invest USA, d/b/a "D One Plaza," d/b/a "Diyuan Enterprise," a multi-business plaza, had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, The D One Plaza purchased and handled goods moved in interstate commerce.

18. Defendant Meet Cuisine & Bar Inc., d/b/a "Meet Cuisine & Bar," is a domestic business corporation organized under the laws of the State of New York with a principal address at 36-10 Union Street, Basement, Flushing, NY 11354.

19. Upon information and belief, Defendant, Meet Cuisine & Bar Inc., d/b/a "Meet Cuisine & Bar," had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, The Meet Cuisine & Bar purchased and handled goods moved in interstate commerce.

20. Defendant ABC Corp, d/b/a "Muse Home Theatre," is a domestic business corporation organized under the laws of the State of New York with a principal address at 36-10 Union Street, Flushing, NY 11354.

21. Upon information and belief, Defendant, ABC Corp, d/b/a "Muse Home Theatre," had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, The Muse Cuisine & Bar purchased and handled goods moved in interstate commerce.

22. Upon information and belief, Defendant Fei Zheng is the owner, officer, director, manager, shareholder, and/or agent of Szechuan Story Hot Pot, Wego KTV, Meet Cuisine & Bar, D One Plaza, and Muse Home Theatre located at 36-10 Union Street, Flushing, NY 11354, and participated in the day-to-day operations of the five Corporate Defendants and acted intentionally and maliciously and is an employer

pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with the above-mentioned five Corporate Defendants.

23. Upon information and belief, Defendant Fei Zheng owns the stock of Szechuan Story Hot Pot along with the other four Corporate Defendants, and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

24. Upon information and belief, "John" Li (first name unknown) a/k/a Bo Li is the owner, officer, director, manager, shareholder, and/or agent of Szechuan Story Hot Pot, Wego KTV, Meet Cuisine & Bar, D One Plaza, and Muse Home Theatre, and participated in the day-to-day operations of the five above-mentioned businesses and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with the above-mentioned five Corporate Defendants.

25. Upon information and belief, Defendant "John" Li (first name unknown) a/k/a Bo Li owns the stock of Szechuan Story Hot Pot along with the other four Corporate Defendants and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

26. Since their incorporation, the five Corporate Defendants have operated as a single integrated enterprise under the control of Individual Defendants Fei Zheng and "John" Li a/k/a Bo Li:

(a) they are engaged in related activities and share the common business purpose of operating a one-stop recreation center where patrons could eat dinner, drink, socialize, watch movies, do karaoke without leaving the single building;

(b) Supplies and employees are interchangeable among five Corporate Defendants, and are transferred between the Corporate Defendants on an as-needed basis;

(c) Defendants maintain centralized labor relations and implement the same employment policies and practices across the five Corporate Defendants;

(d) Fei Zheng and "John" Li a/k/a Bo Li both frequently visit both of the Restaurants. Both Fei Zheng and "John" Li a/k/a Bo Li maintain the authority to control all aspects of the employment and duties of employees at the five Corporate Defendants.

27. At all times relevant herein, Szechuan Story Hot Pot, Wego KTV, Meet Cuisine & Bar, D One Plaza, and Muse Home Theatre were, and continues to be "enterprises engaged in commerce" within the meaning of FLSA.

28. At all relevant times, the work performed by Plaintiffs were directly essential to the businesses operated by Szechuan Story Hotpot.

29. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages, overtime compensation and spread-of-hour premiums, and failed to provide him a wage notice at the time of hiring and paystub upon each pay period in violation of the NYLL. Defendants also impermissibly requires tipped employees to share their tips with employees who do not regularly and customarily receive tips, such as front desk employees.

30.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

31.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

32.     Defendants knew that the nonpayment of minimum wage, overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

### *Plaintiff Yu Hua Yin*

33.     From May 15, 2017 to January 14, 2018, Plaintiff Yin was hired by Defendants to work as a helper and server for Szechuan Story at 36-10 Union Street, FL1, Flushing, NY 11354.

34.     Defendants did not compensate Plaintiff Yin for minimum and overtime compensation according to state and federal laws.

35.     From May 15, 2017 to July 15, 2017, Plaintiff worked two to three days a week with five working hours on average per day. Plaintiff thus worked ten to fifteen (10-15) hours per week during this period.

36.     During the period mentioned in Paragraph 35, Plaintiff Yin primarily helped Defendants with the grand opening, and was asked to clean the floor, tables, and throw away trash.

37. During the period mentioned in Paragraph 35, Defendants paid Plaintiff at a fixed rate of $93 per week, regardless of how many hours Plaintiff actually worked. Plaintiff Yin was paid weekly and in cash.

38. From July 16, 2017 to November 15, 2017, Plaintiff worked as a server five days per week with Friday and Saturday off. He worked from 5:00 p.m. to 1:30 a.m. (the next day) every working day. Plaintiff thus worked at least forty-two hours and thirty minutes (42.5) hours per week during this period.

39. During the period mentioned in Paragraph 38, as indicated by the paystub, Defendants paid Plaintiff at a fixed weekly rate at $318.00, regardless of how many hours he actually worked from July 16, 2017 to September 2, 2017; as indicated from the paystub, Defendants paid Plaintiff at $7.50 per hour for all the hours Plaintiff Yin worked, including those exceeding forty from September 3, 2017 to November 15, 2017. Plaintiff Yin was paid weekly in cash from July 16, 2017 to September 2, 2017; partly cash and partly check from September 3, 2017 to November 15, 2017.

40. From November 16, 2017 to January 14, 2018, Plaintiff worked as a server three days on average a week. He worked from 6:00 p.m. to 12:00 a.m. (the next day) every working day. Plaintiff thus worked at least eighteen hours (18) hours per week during this period.

41. During the period mentioned in Paragraph 40, as indicated from the paystubs, Defendants paid Plaintiff at $7.50 per hour for all the hours Plaintiff Yin worked, including those exceeding forty. Plaintiff Yin was paid weekly in both cash and check.

42. In September 2017, Plaintiff was asked by another shareholder of Defendants, Bo Li, to help him carry furniture for his newly-renovated KTV called "Wego KTV". But Bo Li did not pay him anything for the labor that day.

43. Plaintiff Yin punched the clock from July 16, 2017 to November 7, 2017, but he had no chance to review the punching records. Defendants asked Plaintiff Yin to sign in and out from around November 8, 2017 to January 14, 2018, however, Defendants either required Plaintiff Yin to write shorter working hours, or wrote false hours themselves without Plaintiff Yin's permission.

***Plaintiff Mei Ying Chen***

44. From October 30, 2017 to November 30, 2017, Plaintiff Chen was hired by Defendants to work as a server for Szechuan Story at 36-10 Union Street, FL1, Flushing, NY 11354.

45. Defendants did not compensate Plaintiff Chen for minimum and overtime compensation according to state and federal laws.

46. Plaintiff worked as a server six day a week with Tuesday off. He worked from 5:00 p.m. to 12:30 a.m. (the next day) without any break every working day. Plaintiff thus worked at least forty-five hours (45) hours per week during this period.

47. Defendants paid Plaintiff a one-time compensation of $927.00 for her entire working period, regardless of how many hours she actually worked. The above-mentioned amount was paid in cash.

48. Plaintiff Chen punched the clock during the first working week, but she had no chance to review the punching records. Defendants asked Plaintiff Chen to sign in and out from around November 8, 2017 to November 30, 2017, however,

Defendants either required Plaintiff Chen to write shorter working hours, or wrote false hours themselves without Plaintiff Chen's permission.

49.     Defendants regularly retained two percent of tips received by servers like the two Plaintiffs as the credit card transaction fee throughout their employment with Defendants. Defendants also started from October 31, 2017 retaining another two percent of tips received by servers like the two Plaintiffs, and gave 1% to the front desk staff, the other 1% to the kitchen staff.

50.     Defendants failed to compensate Plaintiffs for minimum wage and/or overtime compensation according to state and federal laws.

51.     Defendants did not provide Plaintiffs with a wage notice, at the time of his hiring, in English and in Mandarin (Plaintiff's primary language), of their rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52.     Defendants also did not provide Plaintiffs with accurate statement of wages with each wage payment, as required by NYLL §195(3).

53.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

54.     While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

55.     Defendants did not provide Plaintiffs and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiffs and other Class members' pay increase(s).

56.     Defendants' unlawfully tip retention system prevented Plaintiffs other class members from receiving their full tips that they were supposed to receive.

57.     Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective and the NYLL Class.

58.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs or other similarly situated employees.

59.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

60.     Defendants knowingly and willfully operated their business with a policy of unlawfully tip retention system and prevent Plaintiffs and other similarly situated employees from receiving their full amount of tips they were supposed to receive.

**COLLECTIVE ACTION ALLEGATIONS**

61.     Plaintiffs bring this action individually and on behalf of all other and former non-exempt tipped employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages and overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members") under the FLSA, and have been subject to the same

common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

62.   Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than twenty (20) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

63.   Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and has retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

64.   This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

65.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

66.    Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

67. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

68. Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

69. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt tipped employees employed by Defendants at Szechuan Story Hotpot on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

70. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

71. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which

the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

72. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime compensation, and "spread of hours" compensation. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

73. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

74. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and

expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

75.  Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.   Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

76.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b. Whether Defendants paid Plaintiffs and Class members the New York minimum wage for all hours worked;

c. Whether Plaintiffs and Class members were paid proper overtime compensation for all hours they worked over 40 under the New York Labor Law;

d. Whether the Defendants provided wage notices at the time of hiring and accurate paystubs at each pay period to Plaintiffs and class members as required by the NYLL;

e. Whether Defendants implemented unlawful tip retention practice that in violation of the New York Labor Law,

f. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work.


## STATEMENT OF CLAIM

### COUNT I

**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

77.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

78.    At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the

production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

79. At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

80. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

81. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

82. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

83. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

84. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT II**
**[Violation of New York Labor Law—Minimum Wage**
**Brought on behalf of Plaintiff and Rule 23 Class]**

85. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

86.   At all relevant times, plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

87.   Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

88.   Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III

**[Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

89.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

90.   The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

91.   The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

92.   Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pays violated the FLSA.

93.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

94.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

95.     Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

96.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT IV**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiff and the Rule 23 Class]**

97.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

98.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any

underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

99.   Defendants' failure to pay Plaintiffs and the Rule 23 Class their overtime pay violated the NYLL.

100.   Defendants' failure to pay Plaintiffs and the Rule 23 Class was not in good faith.

### COUNT V
### [Violation of New York Labor Law—Failure to Provide Wage Notice at the Time of Hiring]

101.   Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

102.   The Defendants failed to furnish to the Plaintiffs at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

103.   Due to the Defendants' violation of the New York Labor Law, the Plaintiffs are entitled to recover from the Defendants liquidated damages of $50.00 per workweek

that the violation occurred, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-b).

104.     The Defendants failed to furnish with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL, § 195(3).

105.     The Defendants' NYLL violations have caused the Plaintiff irreparable harm for which there is no adequate remedy at law.

## COUNT VI
### [Violation of New York Labor Law—New York Pay Stub Requirement]

106.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

107.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

108.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiff's payday.

109.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff for costs and attorneys' fees pursuant to New

York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VII

**[Violation of New York Labor Law - Gratuities Violations
brought on behalf of Plaintiff and the NYLL Class]**

110.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

111.   NYLL § 196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be gratuity [.]"

112.   New York Labor Law further prohibits an employer or his agent from demanding or accepting, "directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee." N.Y.Lab.Law§196-d.

113.   Defendants unlawfully retained and/or redistributed to non-tipped employees portions of the tips earned by Plaintiffs and the NYLL Class, as such, Defendants did not allow Plaintiffs and the NYLL Class to retain all the tips they earned.

114.   Defendants retained part of Plaintiffs' gratuities for unauthorized purpose in violation of NYLL § 196-d.

115.   Defendants' retention of Plaintiffs' gratuities was willful.

116.   Accordingly, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of unlawfully retained gratuities and an amount equal to one quarter of their unlawfully retained gratuities in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre- and post-judgment interest, pursuant to NYLL § 198.

**Prayer for Relief**

**WHEREFORE**, Plaintiffs, on behalf of themselves, the FLSA collective and Rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a)      Authorizing plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)      Certification of this case as a class action pursuant to rule 23 of the federal rules of civil procedure;

c)      Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)      Certification of this case as a collective action pursuant to FLSA;

e)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)      An injunction against Szechuan Story Hotpot, Wego KTV, D One Plaza, Meet Cuisine & Bar, and Muse Home Theatre their officers, agents, successors, employees,

representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)      An award of unpaid wages and minimum wages due Plaintiffs and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after September 2011 under NY Wage Theft Prevention Act, and interest;

i)      An award of unpaid overtime wages and illegally retained gratuities due under FLSA and New York Labor Law;

j)      An award of damages for Defendants' failure to provide wage notice at the time of hiring and accurate paystubs at each pay period as required under the New York Labor Law;

k)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

l)      An award of liquidated and/or punitive damages as a result of Defendants' willful retention of Plaintiffs' tips, failure to pay wages, minimum wages, overtime compensation, and failure to provide wage notices and accurate paystubs pursuant to New York Labor Law;

m)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n)      The cost and disbursements of this action;

o)      An award of prejudgment and post-judgment fees;

p)      Providing that if any amounts remain unpaid upon the expiration of ninety days

following the issuance of judgment, or ninety days after expiration of the time to appeal

and no appeal is then pending, whichever is later, the total amount of judgment shall

automatically increase by fifteen percent, as required by NYLL §198(4); and

q)      Such other and further legal and equitable relief as this Court deems necessary,

just, and proper.



Dated:  Flushing, New York March 19, 2018          HANG & ASSOCIATES, PLLC.

                                                   */S/* RUI MA
                                                   Rui Ma, Esq.
                                                   136-20 38th Ave., Suite 10G
                                                   Flushing, New York 11354
                                                   Tel: 718.353.8588
                                                   rma@hanglaw.com
                                                   *Attorneys for Plaintiffs*

# EXHIBIT I

**CONSENT TO SUE UNDER
FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by SZ Chuan Story Inc., Fei Zheng and related entities and individuals. I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

YuHUA Yin
_____
Full Legal Name (Print)

YuHUAYz
_____
Signature

1/16/2018
_____
Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by SZ Chuan Story, Inc., Fei Zheng and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Mei Yang Chen*
Full Legal Name (Print)

*Mei Yang Chen*
Signature

2/12/2018
Date

# EXHIBIT II

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY**
**FOR SERVICES RENDERED**

TO:    Fei Zheng
SZ Chuan Story Inc.
36-10 Union Street, FL 1
Flushing, NY 11354


      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Yu Hua Yin, Mei Ying Chen and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of SZ Chuan Story Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


      Dated: March 19, 2018

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY**
**FOR SERVICES RENDERED**

TO:     Fei Zheng
ABC Corp. d/b/a Wego KTV
36-10 Union Street
Flushing, NY 11354

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the
Business Corporation Law of New York, you are hereby notified that Yu Hua Yin,
Mei Ying Chen and others similarly situated intend to charge you and hold you
personally liable, jointly and severally, as one of the ten largest shareholders of ABC
Corp. d/b/a Wego KTV for all debts, wages, and/or salaries due and owing to them as
laborers, servants and/or employees of the said corporations for services performed
by them for the said corporations within the six (6) years preceding the date of this
notice and have expressly authorized the undersigned, as their attorney, to make this
demand on their behalf.

         Dated: March 19, 2018

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:     "John" Li (first name unknown), a/k/a Bo Li
SZ Chuan Story Inc.
36-10 Union Street, FL 1
Flushing, NY 11354


      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Yu Hua Yin, Mei Ying Chen and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of SZ Chuan Story Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


      Dated: March 19, 2018

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY**
**FOR SERVICES RENDERED**

TO:     "John" Li (first name unknown), a/k/a Bo Li
ABC Corp. d/b/a Wego KTV
36-10 Union Street
Flushing, NY 11354


PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Yu Hua Yin, Mei Ying Chen and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of SZ Chuan Story Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


Dated: March 19, 2018

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

TO:    Fei Zheng
Meet Cuisine & Bar Inc.
36-10 Union Street, Basement
Flushing, NY 11354


PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the
Business Corporation Law of New York, you are hereby notified that Yu Hua Yin,
Mei Ying Chen and others similarly situated intend to charge you and hold you
personally liable, jointly and severally, as one of the ten largest shareholders of Meet
Cuisine & Bar Inc. for all debts, wages, and/or salaries due and owing to them as
laborers, servants and/or employees of the said corporations for services performed
by them for the said corporations within the six (6) years preceding the date of this
notice and have expressly authorized the undersigned, as their attorney, to make this
demand on their behalf.



        Dated: March 19, 2018

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:    Fei Zheng
Muse Home Theatre
36-10 Union Street
Flushing, NY 11354


PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the
Business Corporation Law of New York, you are hereby notified that Yu Hua Yin,
Mei Ying Chen and others similarly situated intend to charge you and hold you
personally liable, jointly and severally, as one of the ten largest shareholders of Muse
Home Theatre for all debts, wages, and/or salaries due and owing to them as laborers,
servants and/or employees of the said corporations for services performed by them
for the said corporations within the six (6) years preceding the date of this notice and
have expressly authorized the undersigned, as their attorney, to make this demand on
their behalf.


        Dated: March 19, 2018

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY**
**FOR SERVICES RENDERED**

TO:     Fei Zheng
Diyuan Invest USA Inc.
36-10 Union Street
Flushing, NY 11354


PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the
Business Corporation Law of New York, you are hereby notified that Yu Hua Yin,
Mei Ying Chen and others similarly situated intend to charge you and hold you
personally liable, jointly and severally, as one of the ten largest shareholders of
Diyuan Invest USA Inc. for all debts, wages, and/or salaries due and owing to them
as laborers, servants and/or employees of the said corporations for services
performed by them for the said corporations within the six (6) years preceding the
date of this notice and have expressly authorized the undersigned, as their attorney, to
make this demand on their behalf.


        Dated: March 19, 2018