```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
YU HUA YIN, et al.,

                        Plaintiffs,

        -against-                                    MEMORANDUM AND ORDER
                                                        18 CV 1320 (CLP)
SZ CHUAN STORY INC., et al.,


                        Defendants.
-----------------------------------------------------------X
```

**POLLAK**, United States Magistrate Judge:

On March 2, 2018, plaintiffs Yu Hua Yin and Mei Ying Chen ("plaintiffs") commenced this action individually and on behalf of other similarly situated employees against defendants SZ Chuan Story Inc., d/b/a/ Szechuan Story or Szechuan Story Hot Pot, ABC Corp., d/b/a Wego KTV, Diyuan Invest USA Inc., d/b/a D One Plaza or Diyuan Enterprise, Meet Cuisine & Bar, Inc., d/b/a Meet Cuisine & Bar, ABC Corp., d/b/a Muse Home Theatre, Fei Zheng, and "John" Li (first name unknown), a/k/a Bo Li, ("defendants"), seeking unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") § 650 et seq. (Compl.[1] ¶ 1). The Complaint also alleges violations of the Wage Theft Prevention Act. (Id. ¶ 7).

On August 30, 2018, the parties reached a settlement of this matter, the terms of which are set forth in a Settlement Agreement, filed with the Court. The parties filed a joint motion requesting that the Court approve the Settlement Agreement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015). On September 7, 2018, the Court held a fairness hearing on the parties' motion. At the fairness hearing, the Court expressed

---

[1] Citations to "Compl." refer to plaintiffs' Complaint, filed on March 2, 2018.

concerns about certain language in the Non-Admission provision, and on September 17, 2018, the parties submitted a letter clarifying the provision. For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Yin alleges that he was employed as a helper and server for Szechuan Story by defendants from May 15, 2017 until January 14, 2018. (Compl. ¶¶ 10, 26). Plaintiff Mei Yin Chen was only employed as a server by defendants for a month's time, from October 30, 2017 to November 30, 2017. (Id. ¶¶ 11, 37). During the period of their employment with defendants, plaintiffs claim that they regularly worked more than forty hours in a week and were not paid proper minimum wages or overtime wages for the hours worked over forty. (Id. ¶¶ 27, 38). Plaintiffs claim that defendants owed plaintiff Yin $3,712.10 in back wages and plaintiff Chen $1,388.61 in back wages, as required by the FLSA and NYLL. (Ltr.[2] at 2).

The parties propose to settle the case for a total of $18,000. (Id. at 3). Of that amount, plaintiff Yin is to receive $8,500 in four installments: 1) $1,416 to be paid at the time of signing the agreement and stipulation of dismissal; 2) $2,361 to be paid 30 days after the first payment; 3) $2,361 to be paid 60 days after the first payment; and 4) $2,362 to be paid 90 days after the first payment. (Sett. Agr.[3] at 2). Plaintiff Chen is to receive a total of $3,000 to be paid in four installments: 1) $501 to be paid at the time of signing; and the other three equal installments of $833 to be paid 30, 60 and 90 days after the first payment. (Id.)

For the reasons set forth below, the Court approves the settlement agreement as fair and reasonable.

---

[2] Citations to "Ltr." refer to plaintiffs' letter, dated August 31, 2018.
[3] Citations to "Sett. Agr." refer to the Settlement Agreement and Release, dated August 31, 2018.

2

## DISCUSSION

1. <u>Legal Standards</u>

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." <u>Le v. Sita Info. Networking Computing USA, Inc.</u>, No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); <u>accord</u> <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

<u>Wolinsky v. Scholastic, Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); <u>see also</u> <u>Cohetero v. Stone & Tile, Inc.</u>, No. 16 CV 4420, 2018 WL 565717, at *2 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from <u>Wolinsky</u>).

2. <u>Settlement Amount</u>

The parties propose a total settlement amount of $18,000. (Ltr. at 2). In reaching this settlement, plaintiffs wish to avoid the risks of litigation, and acknowledge that there were a number of contested factual issues that, depending on how they were resolved, could adversely

3

affect their ability to recover. (Id.) Moreover, plaintiffs' review of the tax records of defendants have led counsel to conclude that defendants have limited funds from which to pay a judgment. (Id.) Plaintiffs contend that even if they were to receive a larger amount at trial, plaintiffs "have doubts about their ability to collect on such a judgment." (Id.) Finally, the amounts that plaintiffs are receiving are more than the unpaid minimum and overtime wages owed to them. (Id.)

Of the $18,000, plaintiffs' counsel is to receive $6,500, which will also be paid in installments. Of this amount, $750 represents costs, including a filing and service of process fee; the remainder $5,750 is allocated to attorneys' fees and represents one third of the total recovery. (Id. at 3).

With respect to the settlement terms, the parties have agreed that "nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, expect to enforce its terms." (Sett. Agr. at 4). On September 17, 2018, the parties provided a letter to the Court explaining that the provision is neither a confidentiality provision nor an impermissible release of claims. (Sept. 17, 2018 Ltr.[4] at 2). Upon the parties' contention that "Plaintiffs are completely free to testify what they believed to be true, with regards to Defendants' wage and hour policies, and are completely entitled to disclose this action and existence of the settlement agreement," the Court finds the provision fair and reasonable. (See id.)

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiffs' claims, considering the amount received, the issues of potential liability that might have limited

---

[4] Citations to "Sept. 17, 2018 Ltr." refer to the letter jointly submitted by the parties on September 17, 2018.

recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335.

Having considered the various issues in dispute, and being familiar with the case, the Court finds that the settlement amount is fair and reasonable and that the attorney's fees are also reasonable based on the contingency fee percentage supported by case law in this district.

The parties shall file a stipulation of dismissal with prejudice by **October 19, 2018**.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated:  Brooklyn, New York
        September 19, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York